**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

| | |
|---|---|
| In re:<br>    Brian F. Neveu<br>    Rebecca M. Neveu<br>                Debtors | Chapter 7<br><br>Case No. 18-30148-EDK |

## TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE BY PRIVATE SALE, FREE AND CLEAR OF LIENS AND ENCUMBRANCES

To the Honorable Elizabeth D. Katz, U.S. Bankruptcy Judge:

Now comes David W. Ostrander, Chapter 7 Trustee in the above captioned case ("Trustee"), by his counsel, and requests that the Court authorize him to sell the single family home located at 680 South Quarter Road, Russell, Hampden County, Massachusetts (the "Property"), to Sara A. Raymakers ("Buyer"), for the price of two hundred thirty-seven thousand dollars (**$237,000.00**), free and clear of liens and encumbrances. In support of this Motion, the Trustee respectfully represents as follows:

1. The Debtor filed a Chapter 7 Voluntary Petition on March 6, 2018 (the "Petition Date").

2. The first Meeting Of Creditors was conducted on May 1, 2018.

3. On Schedule A/B – Property, the Debtors listed the Property as having a value of $230,000. The Trustee's review of the real estate records for the Property revealed that the Debtors are the owners of the Property, as Tenants By The Entirety, pursuant to the Quitclaim Deed recorded on June 25, 2004, in the Hampden Registry Of Deeds in Book in Book 14286, Page 124.

4. On their Voluntary Petition, the Debtors stated that they do not reside at the Property.

5. On Schedule D – Creditors Who Have Claims Secured By Property, the Debtors listed Specialized Loan Servicing, LLC ("SLS") as having a mortgage on the Property securing a debt of $236,000. Upon information and belief, SLS holds a valid first mortgage on the Property.

6. On their "Statement Of Intention", the Debtors stated that they intended to surrender the Property.

7. On May 31, 2018, SLS filed a motion for relief from stay stating that approximately $234,487 was owed as of May 22, 2018. Since then the mortgage debt has increased and SLS has incurred additional legal fees. By Stipulation approved by the Court, SLS was allowed relief from stay as of October 1, 2018.

8. Upon information and belief, there is no equity in the Property in excess of the mortgage to SLS.

9. At the Meeting Of Creditors, the Debtors testified that the Property had been vacant since mid-2017 and that the Property had serious septic system problems. They informed the Trustee that they had been quoted a price of at least $25,000 to repair the septic system but they could not afford the cost. They had attempted to sell the Property prior to the Petition Date without success.

10. On April 2, 2018, the Trustee filed a Motion To Employ BK Global Real Estate Services and Coldwell Banker Residential Brokerage As Brokers to assist the Trustee in what was expected to be a short sale effort. That motion was allowed on April 23, 2018.

11. Since then short sale negotiations have been ongoing and have now resulted in approval by SLS to allow a short sale to occur.

12. SLS has agreed to accept no less than $206,049.70 in satisfaction of its mortgage on the Property.

13. From the sale proceeds, in additional to typical closing costs, a broker's commission in the amount of $14,220, representing 6% of the sale price, will be paid. The commission will be split evenly between BK Global Real Estate Services, Coldwell Banker Residential Brokerage, and Park Square Realty, the "buyer's broker", with each receiving 2% of the total commission amount.

14. The Property will be sold free and clear of liens, encumbrances and interests with any perfected, enforceable, valid liens shall attach to the proceeds of the sale according to priorities established under applicable law. Upon information and belief, there are no other liens other than the SLS mortgage that encumber the

**In re: Brian & Rebecca Neveu, Chapter 7, Case No. 18-30148-EDK          Page 2**

Property. Any real estate taxes or other municipal charges due will be paid from the sale proceeds.

15. The minimum increase required for higher offers will not exceed 5% of the proposed original purchase price and, therefore, does not require Court approval pursuant to MLBR 6004-1 (c)(2)(B)(ii).

16. The Bankruptcy Estate will be responsible for obtaining a certified copy of the Bankruptcy Court Order approving the sale. The Buyer will be responsible for the cost associated with the recording of the Bankruptcy Court Order and the deed conveying the Property to the Buyer.

17. Froom the sale proceeds the Bankruptcy Estate will receive a payment of $11,850 as a "carve out" from the SLS mortgage, that will be used to pay the Estate's administrative expenses and a dividend to creditors[1]. The Trustee will hold these funds pending further order by the Court.

18. The Trustee further requests that the Court enter an Order waiving the 14 day stay of the sale order, pursuant to Federal Rule Of Bankruptcy Procedure 6004(h), in order to expedite the sale of the Property.

**WHEREFORE**, the Trustee requests that the Court enter an Order:

a. authorizing him to sell the Property free and clear of liens, claims, encumbrances and interests;
b. authorizing the distribution of the sale proceeds as set forth herein;
c. waiving the 14 day stay of the sale order; and
d. granting such other relief that is just and proper.

David W. Ostrander, Trustee

Dated: November 7, 2018

By: /s/ David W. Ostrander
David W. Ostrander, Esq., BBO#554004
Ostrander Law Office
36 Service Center Road, P.O. Box 1237
Northampton, MA 01061-1237
T: (413) 585-9300  F: (413) 585-9490
E: david@ostranderlaw.com

---

[1] The "bar date" to file claims was July 9, 2018. As of November 7, 2018, six timely general unsecured claims had been filed in the total amount of approximately $16,247.

**In re: Brian & Rebecca Neveu, Chapter 7, Case No. 18-30148-EDK          Page 3**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

In re:
    Brian F. Neveu
    Rebecca M. Neveu
                Debtors

Chapter 7

Case No. 18-30148-EDK

## ORDER ON TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE BY PRIVATE SALE, FREE AND CLEAR OF LIENS AND ENCUMBRANCES

Upon consideration of the Trustee's Motion To Sell Property Of The Estate By Private Sale, Free And Clear Of Liens And Encumbrances ("Motion To Sell Property Of The Estate"), after notice and hearing, it is hereby

**ORDERED** that the Trustee's Motion To Sell Property Of The Estate, that being the real property located at 680 South Quarter Road, Russell, Hampden County, Massachusetts (the "Property"), to Sara A. Raymakers for the price of $237,000 is allowed.  It is further

**ORDERED** that the Trustee is authorized to make the following payments from the sale proceeds without further Order of this Court: a) typical closing costs associated with the sale of real estate; b) payment to SLS of no less than $206,049.70 in satisfaction of its mortgage on the Property; and c) a broker commission in the amount of $14,220 to be split evenly between BK Global Real Estate Services, Coldwell Banker Residential Brokerage, and Park Square Realty, each receiving $4,740.  The Trustee is further authorized to accept a payment in the amount of $11,850 for the Bankruptcy Estate and shall hold these funds pending further Order of this Court.  It is further

**ORDERED** that this Order shall **not** be stayed for 14 days after entry and shall be effective immediately.  It is further

**ORDERED** that the Trustee is authorized to execute any and all documents to effectuate the sale.

                                      _____
                                      Honorable Elizabeth D. Katz      Dated
                                      U.S. Bankruptcy Judge